Rev. 6/07

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

2024 MAY -8  AM 9: 06

Michael Moore )
# 34569-183 )
_____ )
_____ )

(Enter your full name, prison number
and address)

v.

WARden JasoN Fct )
EdgeField and the )
United State )
_____ )

(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court _must_ access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you must submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( )    No (✓)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?    Yes ( )    No (✓)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs: _____ N/A _____

Defendants: _____

2.    Court (If federal court, please name the district; if state court name the county.)

_____

3.    Docket number: _____

4.    Name of judge to whom case was assigned: _____

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6.    Approximate date of filing lawsuit: _____

7.    Approximate date of disposition: _____

## III.    PLACE OF CONFINEMENT

FCI Edgefield

A.    Is there a prisoner grievance procedure in this institution? Yes (X)    No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (X)    No ( )

C.    If your answer is Yes to Question III B:

1.    To whom and when did you complain? Warden Janson, and Completed the inmate grievance procedure And Filed a tort claim

2.    Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes (X)    No ( )

3.    What, if any, response did you receive? (Furnish copy of response, if in writing.) Denied

4.    What happened as a result of your complaint? Nothing

D.    If your answer is No to Question III B, explain why not. N/A

E.    If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )    NA

F.    If your answer is Yes to Question III E;

1.    To whom and when did you complain? _____

2.    Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes ( )    No ( )

3.    What, if any response did you receive? (Furnish copy of response, if in writing.)

_____

4.    What happened as a result of your complaint? _____

_____

_____

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: _____
       Address: _____

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.    Defendant: _____

       Address: _____

       Defendant: _____ *See Zachdil* _____

       Address: _____ *Mensat* _____

       Defendant: _____

       Address: _____

       Defendant: _____

       Address: _____

## V.   STATEMENT OF CLAIM

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

See Included Memorandum

## VI.   RELIEF

State briefly exactly what you want the Court to do for you.

See Included Memorandum

Signed this 28th day of April , 2024.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

4/28/2024
(Date)

_____
(Signature of Plaintiff)

n:\Forms\42 USC 1983

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2024 MAY -8 AM 9: 06

C/A No.: 9:23-04665-DCC-MHC


Michael Moore                    )
                                 )
          Plaintiff              )
                                 )
v.                               )
                                 )
Warden Janson, and               )
United States of America         )
                                 )
          Defendant              )
                                 )

---

AMENDED COMPLAINT
MEMORANDUM OF FACTS

---

Michael Moore
# 34569-183
FCI Edgefield
P.O. Box 725
Edgefield, SC, 29824

1

## INTRODUCTION/PRELIMINARY STATEMENT

Mr. Michael Moore, Prisoner ID No.: 34569-183, respectfully submits this Civil Complaint against Warden Janson of Federal Correctional Institution Edgefield, and the United States for failing to provide adequate medical treatment with deliberate indifference constituting medical malpractice through failure to act. This is a violation of Mr. Moore's constitutional rights provided under the Eighth Amendment. In summary, Mr. Moore was denied his constitutional right to be free from cruel and unusual treatment when the Defendant failed to provide required medical treatment with deliberate indifference constituting medical malpractice. Moore requests relief under 42 U.S.C. § 1983 and the Federal Torts Claims Act. Moore requests the relief of declaratory Judgment that he be provided the recommended surgery discussed below and $50,000.00 in punitive and compensatory damages.

## STATEMENT OF JURISDICTION

This Court has jurisdiction Pursuant to 28 U.S.C. § 1346(b). Plaintiff has filed an administrative tort claim which was denied. Furthermore, the Court has jurisdiction Pursuant to 42 U.S.C. § 1983. Plaintiff exhausted his administrative remedies Pursuant to 42 U.S.C. § 1997(e)(a). The Court has dual jurisdiction.

2

PARTIES

A.) Plaintiff

Michael Moore # 34569-183
FCI Edgefield
P.O. Box 725
Edgefield, SC, 29824-0725

B.) Defendant(s)

    1.) Warden Janson, FCI Edgefield
       501 Garyhill Rd.
       Edgefield, SC, 29824

    2.) Attorney General Merrick Garland
       950 Pennsylvania Ave., NW
       Washington, DC, 20530

    3.) U.S. Attorney, SC
       Adair F. Boroughs
       1441 Main St.
       Suite 500
       Columbia, SC, 29201

3

## EXHAUSTION OF REMEDIES

Defendant has exhausted his remedies under the Federal Torts Claim Act, and exhausted his remedies under the BOP administrative remedies to provide this Court with a two-prong Jurisdiction.

4

SUBSTANTIAL FACTS

1.) Plaintiff began having serious medical issues on or about 2/4/19; i.e., he began having odor of feces coming from his mouth.

2.) Plaintiff complained repeatedly for 19 months without any significant medical attention.

3.) Finally, on or about 6/7/222; Plaintiff was diagnosed as having "gastro-esphoagal reflux disease," validating Plaintiff's pleas for medical attention.

4.) On several occasions Plaintiff made formal requests to be seen by a gastro-enterologist which were ignored, rather the medical contractor ignored, the substantial problem and prescribed medication that was not effective.

5.) Finally, after 3 1/2 years of pain and suffering Plaintiff was finally referred to a specialist who recommended Hiatel hernia repair; on or about 9/28/22.

6.) Plaintiff has been refused that surgery for over 2 1/2 years.

7.) Plaintiff is currently suffering pain, and anxiety from the on going serious medical condition deliberately ignored by Defendants.

5

CLAIMS FOR RELIEF

The United States through and by Warden Janson at FCI Edgefield has a recognized duty to provide adequate and timely medical treatment to Plaintiff. Warden Janson, through the medical contractor at FCI Edgefield has neglected to provide that medical care. Furthermore, acted with deliberate indifference to the medical condition causing needless pain and suffering constituting a violation of the Eighth Amendment's protection against cruel and unusual punishment.

Of equal importance, the failure to provide adequate and recommended treatment in a reasonable, timely fashion constitutes medical malpractice by the medical contractor and the United States is liable through failure to properly ensure the needed medical treatment.

Plaintiff has and is being denied recommended and much needed medical treatment. The denial of that medical treatment has caused and is causing needless pain and suffering as well as mental anguish.

6

RELIEF REQUESTED

1.) Plaintiff requests a Jury trial.

2.) Plaintiff requests a declaratory Judgment requiring Plaintiff be provided adequate and immediate medical care.

3.) Plaintiff requests $50,000.00 in compensatory damages.

4.) Plaintiff requests $50,000.00 in punitive damages.

5.) Plaintiff requests reasonable Attorney's fees and costs.

7

## AFFRIMATION

The undersigned hereby swears under penalty of Perjury that the substantial facts contained in this Complaint are true. Pursuant to 28 U.S.C. § 1746.

Executed on  4 / 28 / 2024

Michael Moore

8