IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael Moore, | ) | C/A No. 9:23-cv-04665-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's verified second amended complaint alleging a claim of medical malpractice pursuant to the Federal Tort Claims Act ("FTCA"). ECF No. 22. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On May 15, 2025, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted. ECF No. 53. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections.[1] ECF No. 61.

---

[1] The Court notes that, listed on the docket, there are objections (ECF No. 61), attached supplemental objections (ECF No. 61-2), and additional objections (ECF No. 62). These are all copies of the same document; Plaintiff states in his cover letter that he edited the formatting (ECF No. 61-3).

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary judgment be granted because Plaintiff failed to present evidence by a qualified expert as to either the standard of care for treatment of Plaintiff's medical condition or evidence that Defendant violated that standard. ECF No. 53. In his objections, Plaintiff argues that there are genuine issues of material fact, that the medical records he presented constitute an expert opinion, and that the common knowledge exception applies to this action. ECF No. 61. Because Plaintiff filed

2

objections, this Court's review has been de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

Under South Carolina law, a plaintiff must prove the following facts by a preponderance of the evidence to establish a cause of action for medical malpractice:

> (1) The presence of a doctor-patient relationship between the parties;
>
> (2) Recognized and generally accepted standards, practices, and procedures which are exercised by competent physicians in the same branch of medicine under similar circumstances;
>
> (3) The medical or health professional's negligence, deviating from generally accepted standards, practices, and procedures;
>
> (4) Such negligence being a proximate cause of the plaintiff's injury; and
>
> (5) An injury to the plaintiff.

*Brouwer v. Sisters of Charity Providence Hospitals,* 763 S.E.2d 200, 203 (S.C. 2014) (citing 27 S.C. Jur. Med. & Health Prof'ls § 10 (2014)). "A plaintiff in a medical malpractice case must establish by expert testimony both the standard of care and the defendant's failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct." *Carver v. Med. Soc. of S.C.,* 334 S.E.2d 125, 127 (S.C. Ct. App.1985).

It is undisputed that Plaintiff has not identified an expert opinion, beyond what is discussed below, with respect to the standard of care in this case.

In his first objection, Plaintiff alleges that his medical care was delayed and seems to argue that the significance of the delay requires no expert opinion as the lack of care is so apparent.  The Court finds that Plaintiff's position is unsupported by relevant caselaw.  *See Cook v. United States*, No. 0:14-CV-1169-RMG, 2015 WL 2160098, at *1, *3 (D.S.C. May 7, 2015), *aff'd,* 621 F. App'x 231 (4th Cir. 2015) ("[Plaintiff] asserts a claim for negligence arising from the alleged delay in treatment of his high risk disease of colon-cancer . . . .  The Court agrees with the Magistrate Judge's finding that, to the extent Plaintiff alleges a medical malpractice claim, dismissal is appropriate because Plaintiff did not file an expert affidavit contemporaneously with the Complaint.") (internal quotation marks omitted).  Accordingly, this objection is overruled.[2]  Portions of this objection overlap with Plaintiff's remaining objections and will be addressed below.[3]

In his second objection, Plaintiff reiterates that the common knowledge exception is applicable to these facts.  He states that "it is fairly common knowledge . . . that a hernia causing persistent pain[] will eventually need surgical intervention to correct."  ECF No. 61 at 4.  He further contends that the Report "omits [the] surgery recommendation by Dr. Bachinski . . . ."  *Id.*  He argues while surgery was not mandated, it was "the next logical

---

[2] With respect to Plaintiff's request to conduct depositions or serve interrogatories, discovery in this case closed on December 16, 2024.  ECF No. 39.  Plaintiff has not provided any reason to reopen discovery at this procedural posture.

[3] Plaintiff makes a brief reference to a case that raised a claim for deliberate indifference to serious medical needs.  ECF No. 61 at 3.  There is no indication that Plaintiff intends to bring a claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), he has not moved to amend his second amended complaint to add a *Bivens* claim, and the Court has not construed a *Bivens* claim in this case.

step" and that the superiority of the first test he received compared with the later test he received would be apparent to lay jurors. *Id.*

As noted by the Magistrate Judge, cases concerning gastroesophageal reflux disease have found that the appropriate course of treatment falls outside the common knowledge exception. *See Hunt v. United States*, No. 4:09-CV-3134, 2010 WL 11545692, at *7 (D. Neb. Oct. 29, 2010) (concluding that the plaintiff's allegations of medical negligence, including treatment of the symptoms of GERD, did not meet the common knowledge exception to the expert testimony requirement), *aff'd*, 417 F. App'x 577 (8th Cir. 2011)). Further, the medical records before the Court do not mandate surgery or make clear the standard of care for his medical condition. Plaintiff's argument that it is so clear that surgery was required such that an expert opinion is not mandated here is unsupported. Accordingly, the Court agrees with the Magistrate Judge that the common knowledge exception is inapplicable.[4]

Moreover, while Plaintiff contends that the Magistrate Judge omitted information favorable to him, it is clear that the Magistrate Judge considered and noted all relevant information contained in the provided medical records. *See, e.g.*, ECF No. 53 at 2 ("[Dr. Matthew S.Z. Bachinski] further indicated that his team would 'follow up the biopsies and

---

[4] The Court briefly notes that Plaintiff appears to argue about a genuine issue of material fact with respect to the opinions of the physicians. However, the issue here is whether he has complied with the requirements for bringing a claim pursuant to FTCA. Alleged disagreements between doctors do not suffice to create a genuine issue of material fact sufficient to survive summary judgment in this action. Moreover, the fact that there may be medical disagreements between doctors regarding Plaintiff's situation further forecloses any possible exception of the common knowledge exception here.

sen[d] the results to the prison system,' and that Plaintiff 'should be treated, if he has Barrett's, with enough acid-blocking medicines to control his reflux symptoms, and if that is not possible, consideration for anti-reflux surgery and hiatal hernia repair should be made.'" (quoting ECF No. 47-2 at 2–3) (some alternations in original)).

In his third objection, Plaintiff objects to the Magistrate Judge's determination that his medical records do not constitute expert testimony. ECF No. 61 at 4. He also contends that, if the medical reports are not expert testimony, then the Court can order a report. *Id.* at 5.

As explained in more detail by the Magistrate Judge, the medical records available to the Court do not mandate a clear course of care. Rather, the medical professionals use conditional language when expressing their opinions. These are insufficient to serve as the required expert opinion. *Frederick v. United States*, No. CV 2:15-2699-MGL-BM, 2016 WL 1317528, at *7 (D.S.C. Mar. 14, 2016), *report adopted,* 2016 WL 1301270 (D.S.C. Apr. 4, 2016), *aff'd,* 668 F. App'x 521 (4th Cir. 2016) ("None of Plaintiff's exhibits establish that any medical provider committed medical malpractice (as noted, Plaintiff's own lay opinion as to what type of care and treatment he should have been provided cannot establish his claim) . . . ."). Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to establish that he has provided the requisite expert opinion; thus, summary judgment is appropriate.

## CONCLUSION

Therefore, the Court adopts the recommendation of the Magistrate Judge. The motion for summary judgment [44] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 22, 2025
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.